# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10274

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2015

Lyle W. Cayce
Clerk

SEALED APPELLEE,

Movant - Appellee

v.

SEALED APPELLANT,

Respondent - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-953

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:*

In a challenge to being civilly committed pursuant to 18 U.S.C. § 4245, Sealed Appellant, a federal prisoner, claims the statutorily required preponderance-of-the-evidence standard for such commitments violates the Fifth Amendment's Due Process Clause, which, she contends, requires clear-and-convincing evidence. AFFIRMED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## I.

Appellant is serving a 216-month sentence in a federal medical center in Carswell, Texas. Transferred to Carswell after exhibiting mental defects, she initially responded positively to medication, but later regressed after refusing treatment. Carswell staff evaluated her and concluded her behavior imperiled her health.

After the Government filed in district court a certificate of mental disease or defect, and requested a hearing to determine Appellant's mental-health status, *see* 18 U.S.C. § 4245(a), (d), the district court appointed an attorney to represent her. During the hearing, Appellee submitted evidence, including testimony by Carswell's chief of psychiatry (chief), to show Appellant suffered from a mental illness. Appellant presented no evidence and stipulated to the admission of the documentary evidence, including the mental-health evaluation the chief had performed on Appellant; Appellant expressly did not question the chief's being qualified to present the opinions contained in that evaluation. Finding, by the statutorily required preponderance of the evidence, that Appellant suffered from a mental disease or defect and needed treatment, the court ordered her civilly committed.

## II.

In *Addington v. Texas*, 441 U.S. 418, 432–33 (1979), the Court held the Fourteenth Amendment's Due Process Clause requires a clear-and-convincing evidentiary standard for the indefinite commitment of a non-incarcerated person with a mental illness. The next year, in *Vitek v. Jones*, 445 U.S. 480, 491–94 (1980), the Court held "involuntary commitment to a mental hospital is not within the range of conditions of confinement to which a prison sentence subjects an individual" and that such deprivation "requires procedural protections". And, in *Jones v. United States*, 463 U.S. 354, 366–68 (1983), the

Court upheld an indefinite civil commitment, based on a preponderance of the evidence, for a defendant found not guilty by reason of insanity. Thereafter, Congress codified different evidentiary standards in its civil-commitment statutes: §§ 4245 (preponderance of the evidence) and 4246 (clear-and-convincing evidence for civil commitments of persons whose sentences are about to expire). *See* Pub. L. No. 98–473, 98 Stat. 1837 (1984).

Appellant relies on these Supreme Court opinions in claiming the more demanding, clear-and-convincing-evidence standard is constitutionally required in § 4245 actions. Along that line, and for the § 4245 proceeding at hand, the Government, upon the request of the director of the facility in which an inmate is located, may move in federal court for a hearing on an inmate's mental condition. 18 U.S.C. § 4245(a). The court "shall grant the motion if there is reasonable cause to believe that the person may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility". *Id.* The court may order a psychiatric or psychological examination of the inmate, and he shall be represented by counsel at the hearing if he is financially unable to obtain adequate representation. *Id.* §§ 4245(b)-(c), 4247(d). Furthermore, the inmate "shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing". *Id.* § 4247(d). "If, after the hearing, the court *finds by a preponderance of the evidence* that the person is presently suffering from a mental disease or defect . . . , the court shall commit the person to the custody of the Attorney General". *Id.* § 4245(d) (emphasis added).

As noted *supra*, this regime differs from the civil-commitment requirements in § 4246, which is not at issue here and which requires showing, by clear-and-convincing evidence, that a person in the custody of the Bureau

3

of Prisons whose sentence is about to expire suffers from a mental disease or defect. Furthermore, although Appellant, in her opening brief here, challenged the civil-commitment order on the basis it could be interpreted as authorizing forced medication, the Government responded that it did not request that procedure. Accordingly, in her reply brief, Appellant abandoned that issue.

For the reasons that follow, and because the evidence before the district court satisfies both the preponderance and clear-and-convincing evidentiary standards, the constitutionally required standard need not be decided. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) (Brandeis, J., concurring) (courts should avoid deciding constitutional questions where possible); *see also Sealed Appellee 1 v. Sealed Appellant 1*, 767 F.3d 418, 424–25 (5th Cir. 2013) (pretermitting the constitutional issue regarding the required evidentiary standard in a § 4245 action where the evidence satisfied either standard).

For the evidentiary challenge to § 4245, the parties assert the standard of review is *de novo* because Appellant raises a constitutional question regarding the required evidentiary standard, and cite *Sealed Appellee 1* (involving a challenge to statutory interpretation) for support. However, because we need not reach the constitutional question and affirm the order under either standard based on the district court's findings of fact and conclusions of law, those findings are reviewed for clear error; the conclusions, *de novo*. *See, e.g., United States v. Dennis*, 189 F.3d 466, 1999 WL 511352, at *1 (5th Cir. 22 June 1999) (unpublished). In that regard, "application of the incorrect burden of proof by the district court is subject to harmless error review". *Sealed Appellee 1*, 767 F.3d at 424. "Use of the preponderance burden of proof when clear and convincing evidence is mandated may require reversal, but it may be harmless error when the evidence is substantial and undisputed"

and the challenger fails to show it is reasonably likely her substantial rights were affected by the error. *Id.* at 424–25. A preponderance of the evidence "means that the fact [to be] proved is more likely than not. 'Clear and convincing' is a higher standard and requires a high probability of success". *Id.* at 424 n.26 (alterations in original, citation, and internal quotation marks omitted).

Concerning the district court's findings, Appellant presents two challenges: according to the chief, her condition improved when she faithfully took her medication; and, according to Appellant, she does not suffer from a mental illness. The evidence, however, overwhelmingly supports affirming the civil-commitment order.

The chief testified, uncontradicted by Appellant, that: she has a mental condition; although Appellant responded well to psychiatric medication that resolved many of her symptoms, Carswell staff twice had to employ "calculated uses of force to give her medication"; and Appellant required commitment because of a "never ending" history of recidivism—her symptoms would abate while on medication, but she inevitably would stop taking the medication at some point, and her symptoms would return. During the competency hearing, Appellant denied suffering from a mental condition, contrary to the chief's testimony; but, the chief testified it is "very unlikely" Appellant would "gain . . . insight" into her condition "with continued treatment".

The mental-health evaluation explained how Appellant would, *inter alia*: "ritualistically throw[] much of her food in the toilet [thereby] adversely impacting her health and obstructing the plumbing system"; "refuse[] to shower"; and hoard and smear urine around her cell. The evaluation states Appellant's health was suffering as a result of: poor food intake; noncompliance with medical assessments and treatment of a severe and

worsening iron deficiency (anemia); and failure to engage in basic hygienic practices. This uncontroverted evidence clearly and convincingly shows Appellant suffers from a mental condition.

Although the chief noted Appellant "functions very well" on medication and "doesn't present as someone who is suffering from . . . a mental condition", the parallel facts in *Sealed Appellee 1*, in which this court found clear-and-convincing evidence supporting civil commitment, show the court did not err in ordering Appellant civilly committed. In *Sealed Appellee 1*, appellant: denied she had any medical problems despite being diagnosed with and treated for several; refused to take medication due to a mental condition; believed psychotropic drug treatment caused her medical problems; refused necessary treatment when her mental illness was not being treated; and was in grave physical danger without treatment. 767 F.3d at 425. For the same and similar reasons, the evidence at hand clearly and convincingly supports the civil-commitment order at issue.

## III.

For the foregoing reasons, the civil-commitment order is AFFIRMED.